**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3171-17T2

E.S.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES and CAMDEN
COUNTY BOARD OF
SOCIAL SERVICES,

     Respondents-Respondents.

_____

          Submitted April 8, 2019 – Decided July 22, 2019

          Before Judges Sumners and Mitterhoff.

          On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

          Cohen Fineman, LLC, attorneys for appellant (Samuel B. Fineman, on the brief).

          Gurbir S. Grewal, Attorney General, attorney for respondent Division of Medical Assistance and Health Services (Melissa H. Raksa, Assistant Attorney

General, of counsel; Jacqueline R. D'Alessandro,
Deputy Attorney General, on the brief).

PER CURIAM

Petitioner E.S., through her daughter and authorized representative B.S., appeals from the final agency decision of the Division of Medical Assistance and Health Services (Division) regarding the effective date of her Medicaid eligibility for her assisted living residential care at Brookdale Assisted Living (Brookdale). Because the required pre-admission screening (PAS) to determine her eligibility was not completed at the time her private funds to pay for her care were exhausted, the Division's decision was not arbitrary, capricious or unreasonable; therefore, we affirm.

I

We derive the following facts from the record. E.S. became a private pay resident at Brookdale in April 2015. Realizing in December 2016 that E.S.'s financial resources could no longer pay for her care beyond April 2017, B.S. asked Brookdale to start the Medicaid application process, which assesses her financial and clinical eligibility, so that E.S. could receive benefits under the Managed Long Term Services and Supports (MLTSS) program. The application was filed with the Camden County Board of Social Services (the Board), but was denied due to the lack of a fully executed PA-4 form, a physician

2

certification. A second application correcting that deficiency was filed on May 22.[1]

Upon reviewing the application, however, the Board saw that a PAS, which determines a patient's clinical eligibility under the MLTSS program, had not been conducted and notified Brookdale. The facility responded that a PAS was not done. The Division of Aging Services, Office of Community Choice Options (OCCO), performs the PAS. N.J.A.C. 8:85-1.8(d). In response, the Board forwarded the application to the OCCO on June 29, 2017. An OCCO nurse received the request on July 5, and later that month performed a PAS on E.S. The Board determined on July 24, that E.S. was clinically eligible for the MLTSS program effective July 1.

E.S. requested a fair hearing before an Administrative Law Judge (ALJ) claiming she should have a March 1 effective date for her Medicaid benefits.[2] Her request for the hearing was granted. Following a hearing in which B.S. and

---

[1] The fully executed PA-4 was dated April 13, 2017.

[2] It appears that the March 1, 2017 effective date in E.S.'s fair hearing request may have been a misstatement. Her appellate brief refers to both a May 1, 2017 and May 15, 2017 effective date. Nonetheless, based on the ALJ's initial decision, which was adopted in its entirety by the Division and rejected E.S's demand for a May 1, 2017 effective date, it would appear that May 1, 2017, is the actual date she wanted her benefits to take effect.

a Human Services Specialist with the Board testified, the ALJ issued an initial decision affirming the Board's decision. The ALJ reasoned there was no dispute that a PAS was not completed until July 2017, and since "[t]he OCCO does not back date [its PAS] approvals unless their determination was not timely[,] which was not the case in [this] matter[,]" the Medicaid benefits for E.S.'s assisted living care should remain effective on July 1, 2017. Exceptions to the initial decision were filed.

After reviewing the record, the Division issued a final agency decision adopting "the recommended decision of the [ALJ] in its entirety and incorporate[d] the same herein by reference." This appeal followed.

II

Our review of final agency decisions is limited. R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 260-61 (App. Div. 2014). We must uphold an administrative agency's decision "'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Id. at 261 (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 25 (2011)). Thus, this court's task is limited to four inquiries:

> (1) whether the agency's decision offends the State or Federal Constitution; (2) whether the agency's action violates express or implied legislative policies; (3) whether the record contains substantial evidence to

4

support the findings on which the agency based its action; and (4) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 339 (App. Div. 2009) (citation omitted).]

"'Deference to an agency decision is particularly appropriate where interpretation of the [a]gency's own regulation is in issue.'" R.S., 434 N.J. Super. at 261 (quoting I.L. v. N.J. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 389 N.J. Super. 354, 364 (App. Div. 2006)). However, we are not "'bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" Ibid. (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)).

In order to qualify for Medicaid benefits under the MLTSS program, E.S. was required to meet both Medicaid financial and clinical eligibility requirements for nursing care services. See N.J.A.C. 10:60-6.2. Clinical eligibility is determined through the PAS procedure. N.J.A.C. 8:85-1.8. PAS is completed by professional staff designated by the Division, "based on a comprehensive needs assessment that demonstrates that the beneficiary requires,

5

at a minimum, the basic [nursing facility] services described in N.J.A.C. 8:85-2.2." N.J.A.C. 8:85-2.1(a). In accordance with N.J.A.C. 8:85-1.8 (b)(1):

> (b) The New Jersey Medicaid program shall not pay for [nursing facility] services provided to a resident paying from private funds who has applied for Medicaid benefits unless professional staff designated by the Department[3] has determined that the resident is clinically eligible to receive [nursing facility] services through PAS.
>
> > 1. If a [nursing facility] has admitted an individual who is financially eligible for Medicaid or who may become financially eligible for Medicaid within 180 days of admission without the professional staff designated by the Department first determining, through PAS, that the individual is clinically eligible for [nursing facility] services, the effective date of the initial authorization will be the date the PAS is completed. The New Jersey Medicaid program shall not reimburse [nursing facilities] admitting such individuals without PAS for any care rendered before PAS.
> >
> > [(Emphasis added.)]

A nursing facility is:

> an institution (or distinct part of an institution) certified by the New Jersey State Department of Health and Senior Services for participation in Title XIX Medicaid and primarily engaged in providing health-related care

---

[3] New Jersey Department of Human Services. N.J.A.C. 8:85-1.2.

and services on a 24-hour basis to Medicaid beneficiaries (children and adults) who, due to medical disorders, developmental disabilities and/or related cognitive impairments, exhibit the need for medical, nursing, rehabilitative, and psychosocial management above the level of room and board. However, the nursing facility is not primarily for care and treatment of mental diseases which require continuous 24-hour supervision by qualified mental health professionals or the provision of parenting needs related to growth and development.

[N.J.A.C. 8:85-1.2]

E.S. makes two arguments on appeal. One, that a PAS should not have been required to determine if she was eligible to receive Medicaid benefits because she was obviously clinically qualified due to her illness. Two, in the alternative, her Medicaid eligibility should have been backdated to May 15, 2017, because under Medicaid Communication No. 16-09, the Board was required to complete the PAS within fourteen days from the date it received the referral for clinical eligibility. Having considered these contentions in light of the record and the following applicable legal principles, we conclude they are without sufficient merit to warrant extensive discussion in a written opinion, Rule 2:11-3(e)(1)(D) and (E), and we affirm substantially for the reasons expressed by the Division. We make the following comments.

A-3171-17T2

The Division's decision that E.S. was not eligible for Medicaid benefits until a PAS was performed was consistent with the law and was not arbitrary, capricious, or unreasonable. Despite the fact that there was no question prior to the PAS that she was clinically eligible under the MLTSS program, state law clearly requires that she be determined to be clinically eligible based upon a PAS.

As for the effective date of E.S.'s Medicaid benefits, there is no factual or legal basis for her claim that the effective date should be May 1, 2017. The fact that a PAS was not done until July 2017 was not the fault of the Board nor the Division. Brookdale was the nursing facility providing services to E.S. Under the law, it was its responsibility – not the Board's –to request a PAS for E.S. to enable her to receive Medicaid benefits. We discern nothing arbitrary, capricious, or unreasonable concerning the Division's decision to make E.S.'s benefits effective July 1, 2017 rather than the earlier dates advocated by appellant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION